# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LARRY BANKS, | CASE NO. 1:10-cv-01236-AWI-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED** |
| v. | |
| SHANNON HANDY, et al, | |
| Defendants. | **OBJECTIONS DUE: 30 DAYS** |
| _____/ | |

## I. INTRODUCTION

Plaintiff Larry Banks ("Plaintiff") is proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while a prisoner in state prison, defendant Shannon Handy ("Handy"), a news reporter, broadcasted a false television news report regarding Plaintiff. Handy reported that, due to newly uncovered DNA evidence, Plaintiff (who was apparently serving prison time for a 1993 armed robbery) was a suspect in the unsolved 1977 case involving the sexual assault and murder of Susan Vallin. Plaintiff alleges that state prison officials placed him in administrative segregation because there were pending criminal proceedings against him.

Plaintiff further alleges that he received an internet copy of a report from NBC Channel 24 that was apparently issued on or around December 23, 2008. The report indicates that the Fresno Police Department issued an arrest warrant for a suspect in a sexual assault and murder case that

happened in 1977. Plaintiff alleges that the report states that the police used DNA evidence to issue the warrant for his arrest.

Plaintiff asserts that on February 26, 2009, he was arrested and was booked into the Fresno County Jail for murder. On October 23, 2009, Plaintiff was found guilty of murder in the first degree with the use of a knife.[1] On that same day, Plaintiff contends that Kim Stephens, a news reporter for Fox Channel 26, broadcast a live report that Plaintiff would spend the rest of his life in prison for the 1977 murder and rape of Susan Vallin.

Finally, Plaintiff asserts that there was significant internet coverage of his arrest and conviction which he maintains is false. Plaintiff contends that Google profited by misleading the public regarding the facts of the Susan Vallin murder case. He further argues that he never gave Google "approval to open up a web[site] in my name." Therefore, Plaintiff names Sergey Brin and Larry Page, "co-founders" of "Google, Inc." as defendants. Complaint at 6.

Plaintiff alleges that these defendants wrote false reports about him in the news media, lied to the public, and put Plaintiff in danger. Plaintiff contends that this conduct amounts to a due process violation of Plaintiff's Fourteenth Amendment rights. Further, Plaintiff asserts that the defendants' conduct in issuing the false reports was racially motivated and amounts to intentional discrimination in violation of Plaintiff's right to equal protection under the law. Finally, Plaintiff asserts that the false reports issued by defendants were an invasion of his privacy, and the defendants' slander against him caused defamation to his character in violation of his Fifth and Fourteenth Amendment rights. Complaint at 7.

## II.  DISCUSSION

**A.  Screening Standard**

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] The complaint does not explicitly state that Plaintiff was convicted of the murder of Susan Vallin, only that Plaintiff was convicted of murder generally.

28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Failure to State a Claim**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.     Analysis**

   **1. There Is No Allegation of State Action Sufficient to State a Section 1983 Claim**

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under the color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 702-08 (9th Cir. 1991). The Constitution protects individual rights only from government action and not from private action. It is only when the government is responsible for the specific conduct of which the plaintiff complains that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Therefore, a section 1983 claimant must show that a

defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

For the conduct of a private person to constitute state action, there must generally be two elements: state policy and a state actor. The state policy element can be satisfied if there is the exercise of state-created rights, privilege, or rule of conduct. The state actor element may be established where there is conduct on the part of a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, Plaintiff attempts to state section 1983 claims against Shannon Handy and Kim Stephens, who are news reporters; KSEE, television channel 24; and Sergey Brin and Larry Page, "co-founders of Google, Inc." These are all private individuals, not government actors. Although Plaintiff states that these defendants acted under the color of state law, there are no theories or allegations as to how these private individuals could be considered state actors. None of the alleged conduct is attributable to the government. Therefore, a section 1983 claim cannot be stated against these defendants.

**2.    The Alleged Conduct Does Not Represent a Deprivation of Any Constitutional Right**

Defendants' alleged conduct also fails to represent a deprivation of any protected constitutional right.

As set forth above, to state a claim under section 1983, a plaintiff must allege: (1) that a person was acting under color of state law at the time the complained-of act was committed and (2) that the person's conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution of the United States. *See Gibson*, 781 F.2d at 1338. Plaintiff states that the Defendants' alleged conduct violates his Fifth and Fourteenth Amendment rights to due process and equal protection under the law. However, even assuming the falseness of the news reports and internet publications at issue here, there is no protected constitutional right to truthful television and internet publications. While these allegations might represent an actionable state law tort claim for

defamation and invasion of privacy,[2] these claims do not affect any rights, privileges, or immunities guaranteed under the Constitution of the United States.

In summary, the conduct alleged in the complaint does not represent a deprivation of any right protected under the Constitution. Moreover, none of the defendants is a state actor, and none of the alleged conduct is attributable to a government or state actor. As such, none of the defendants is amenable to suit under section 1983. Therefore, there is no relief that could be granted under section 1983 against these defendants. In light of this, any attempt to amend the complaint would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (futility can, by itself, justify the denial of a motion for leave to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (court may disallow amendment where amendment would be futile and the amended complaint would be subject to dismissal); *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

### III. RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Plaintiff's section 1983 claims against Defendants Shannon Handy, Kim Stephens, NBC Channel 24, Sergey Grin, and Larry Page be DISMISSED WITH PREJUDICE.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

---

[2] The Court notes that, under California state law, there is a one-year statute of limitation for defamation and invasion of privacy actions. Cal. Civ. Pro. Code § 340. The time limitation for filing a claim under section 1983 is dictated by state law. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Thus, even assuming arguendo that Plaintiff's defamation and invasion of privacy claims were somehow actionable under section 1983, which they are not, claims based upon libel and slander publications alleged to have occurred in 2008 are barred by the statute of limitations.

1  waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:   September 2, 2010**              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE