**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LARRY BANKS, | CASE NO. 1:10-cv-01236-AWI-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| SHANNON HANDY, et al, | (Doc. 8) |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff Larry Banks ("Plaintiff") is proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while a prisoner in state prison, defendant Shannon Handy ("Handy"), a news reporter, broadcast a false television news report regarding Plaintiff. (Complaint ("Cmpl.") at 4:12-28.) Handy reported that, due to newly uncovered DNA evidence, Plaintiff (who was apparently serving prison time for a 1993 armed robbery) was a suspect in the unsolved 1977 case involving the sexual assault and murder of Susan Vallin. (*Id*.) Plaintiff alleges that state prison officials placed him in administrative segregation because there were pending criminal proceedings against him. (Cmpl. at 3:16-24.)

Plaintiff further alleges that he received an internet copy of a report from "KSEE 24 News Central Valley's New Station Fresno-Visalia N.B.C." that was apparently issued on or about

December 23, 2008. (Cmpl. at 5:10-20.) The report indicates that the Fresno Police Department issued an arrest warrant for a suspect in a sexual assault and murder case that occurred in 1977. (*Id*.) Plaintiff alleges that the report states that the police used DNA evidence to issue the warrant for his arrest. (*Id.*)

Plaintiff asserts that on February 26, 2009, he was arrested and booked into the Fresno County Jail for murder. (Cmpl. at 3:26-28 - 4:1-2.) On October 23, 2009, Plaintiff was found guilty of murder in the first degree with the use of a knife. (Cmpl. at 4:4-6.) On that same day, Plaintiff contends that Kim Stephens ("Stephens"), a news reporter for Fox Channel 26, broadcast a live report that Plaintiff would spend the rest of his life in prison for the 1977 murder and rape of Susan Vallin. (Cmpl. at 2:24-27, 5:3-8.)

Finally, Plaintiff asserts that there was significant internet coverage of his arrest and conviction which he maintains is false. (Cmpl. at 5:22-28 - 6:1-7.) Plaintiff contends that Google profited by misleading the public regarding the facts of the Susan Vallin murder case. (*Id*.) He further argues that he never gave Google "approval to open up a web[site] in my name." (*Id*.) Therefore, Plaintiff names Sergey Brin ("Brin") and Larry Page ("Page"), "co-founders" of "Google, Inc." as defendants. (Cmpl. at 6:25-27.)

Plaintiff alleges that Handy, Stephens, Brin, and Page (collectively "Defendants") wrote and provided false reports about him in the news media, lied to the public, and put Plaintiff in danger. Plaintiff contends that this conduct amounts to a due process violation of his Fourteenth Amendment rights. Further, Plaintiff asserts that Defendants' conduct in issuing the false reports was racially motivated and amounts to intentional discrimination in violation of Plaintiff's right to equal protection under the law. Finally, Plaintiff asserts that the false reports issued by Defendants were an invasion of his privacy, and Defendants' slander against him caused defamation to his character in violation of his Fifth and Fourteenth Amendment rights. (Cmpl. at 7-9.)

## II.  DISCUSSION

Plaintiff has requested the appointment of counsel in this case. (Doc. 8.) "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority

2

"to make coercive appointments of counsel." *Mallard v. U.S. District Court for Southern District of Iowa*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

A civil litigant may be entitled to appointed counsel if he demonstrates both indigence and exceptional circumstances. When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1282 (2010). Neither of these considerations is dispositive and instead must be viewed together. *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, although Plaintiff is proceeding in forma pauperis, he has not demonstrated exceptional circumstances warranting the appointment of counsel. It appears that Plaintiff has a sufficient grasp of his case and is able to articulate how he believes he was wronged by Defendants. Further, Plaintiff has not demonstrated a likelihood of success on the merits of his Section 1983 claims.

To state a claim under Section 1983, a plaintiff must plead that the defendant (1) acted under the color of state law and (2) deprived him of rights secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 702-08 (9th Cir. 1991). The Constitution protects individual rights only from government action and not from private action. It is only when the government is responsible for the specific conduct of which the plaintiff complains that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Therefore, a Section 1983 claimant must show that a defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

For the conduct of a private person to constitute state action, there must generally be two elements: state policy and a state actor. The state policy element can be satisfied if there is the exercise of state-created rights, privilege, or rule of conduct. The state actor element may be established where there is conduct on the part of a state official, one who has acted together with a

state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, Plaintiff attempts to state Section 1983 claims against Handy and Stephens, who are news reporters, and Brin and Page, "co-founders of Google, Inc." These are all private individuals, not government actors. Although Plaintiff states that Defendants acted under the color of state law, there are no theories or allegations as to how these private individuals could be considered state actors. None of the alleged conduct is attributable to the government.

Defendants' alleged conduct also fails to represent a deprivation of any protected constitutional right. As set forth above, to state a claim under Section 1983, a plaintiff must allege that: (1) the person was acting under color of state law at the time the complained-of act was committed and (2) the person's conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution of the United States. *See Gibson*, 781 F.2d at 1338. Plaintiff states that the Defendants' alleged conduct violated his Fifth and Fourteenth Amendment rights to due process and equal protection under the law. However, even assuming the falseness of the news reports and internet publications at issue here, there is no protected constitutional right to truthful television and internet publications.

In summary, the conduct alleged in the complaint does not represent a deprivation of any right protected under the Constitution. Moreover, Defendants are not state actors, and none of their alleged conduct is attributable to the government or a state actor. As such, none of Defendants is amenable to suit under Section 1983 for this alleged conduct. Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits of his Section 1983 claim. Given this lack of likelihood of success on the merits of the claim, the Court concludes, therefore, that the circumstances in this case are not exceptional as to warrant the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Appoint Counsel is DENIED.

IT IS SO ORDERED.

**Dated:   October 14, 2010**          **/s/ Sheila K. Oberto**
                              UNITED STATES MAGISTRATE JUDGE